JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:09-cv-08142-JHN-CWx | Date | April 19, 2010 |
|---|---|---|---|
| Title | Jose Fernando Gonzalez v. Mortgage Lenders Network USA, Inc et al | | |

| Present: The Honorable | JACQUELINE NGUYEN | | |
|---|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:** ORDER REMANDING TO VENTURA SUPERIOR COURT (In Chambers)

On November 5, 2009 this action was removed to this Court pursuant to 28 U.S.C. § 1441 and 1446.[1] Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429 (1987). The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. *Sullivan v. First Affiliated Sec., Inc*., 813 F. 2d 1368, 1372 (9th Cir. 1987). A case may arise under federal law "where the vindication of a right under state law necessarily turned on some construction of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9, 103 S. Ct. 2841 (1983).[2]

On April 15, 2010, Plaintiff filed a Second Amended Complaint ("SAC"), which has abandoned all federal causes of action. The SAC sets forth the following causes of action: 1) Violation of Cal. Bus.& Prof code section 17200; 2) Breach of the Covenant of Good Faith and Fair Dealing; 3) Accounting; 4) Breach of Fiduciary Duty; 5) Declaratory Relief; 6) Violation of Cal. Civ. Code section 2923.5; 7) Breach of Contract. None of these state law claims "necessarily turns" on a federal issue. Because no

---

[1] Since the time of removal, Plaintiff filed an amended complaint, which was dismissed on March 16, 2009 – with the consent of Plaintiff – on the ground that Plaintiff, a bankruptcy debtor, must join the Chapter 13 trustee or show that the estate was abandoned. Plaintiff filed a Second Amended Complaint ("SAC") alleging "[o]n or about March 19, 2010 Plaintiff through plaintiffs' counsel contacted chapter 13 Trustee in this matter. Trustee has no interest as the cases were dismissed for failure to file information, and has abandoned the claim." (SAC ¶ 25.)

[2] The "actual holding in *Franchise Tax Board* demonstrates that this statement must be read with caution; the central issue presented in that case turned on the meaning of the Employee Retirement Income Security Act . . . . but [the Supreme Court] nevertheless concluded that federal jurisdiction was lacking." *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 809, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986).

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:09-cv-08142-JHN-CWx | Date | April 19, 2010 |
|---|---|---|---|
| Title | Jose Fernando Gonzalez v. Mortgage Lenders Network USA, Inc et al | | |

federal causes of action appear on the face of the SAC, this Court lacks jurisdiction.

**Accordingly, this matter is hereby REMANDED to the Ventura Superior Court.**

|  | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |